IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANA M. BUELL, individually )
and as the personal )
representative of the Estate of )
Donovan D. Buell, Sr., deceased, )
5015 Barkwood Place )
Rockville, Maryland 20853-2320 )
)
    Plaintiff, )
)     Civil Action No. _____
    v. )
)
WASHINGTON HOSPITAL CENTER )
CORPORATION )     JURY TRIAL DEMANDED
)
SERVE: )
CT Corporation System )
1015 15th Street, N.W., )
Washington, D.C. 20005 )
)
AMERIPARK, INC. )
)
SERVE: )
CT Corporation System )
1015 15th Street, N.W., )
Washington, D.C. 20005 )
)
WANADA D. MITCHELL )
656 Jefferson Street, N.E. )
Washington, D.C. 20011, )
)
    Defendants. )
)

## COMPLAINT

Plaintiff Diana M. Buell, ("Mrs. Buell"), individually and as the personal representative of the Estate of Donovan D. Buell, Sr., deceased ("Mr. Buell"), by and through her undersigned counsel, hereby brings this Complaint against Defendants Washington Hospital Center ("WHC"), Ameripark, Inc. ("AI") and Wanada D. Mitchell ("Ms. Mitchell") for negligence.

4931268

## The Parties, Jurisdiction and Venue

1. Plaintiff Diana M. Buell is a Maryland resident, living at of 5015 Barkwood Place in Rockville, Maryland, 20853-2320. Mrs. Buell brings this action individually and in her capacity as the duly appointed personal representative and administrator of the Estate of her deceased husband, Donovan D. Buell, Sr.

2. At the time of his death, Mr. Buell was a seventy-year-old resident of Rockville, Maryland living there with Mrs. Buell. His estate was formed under the laws of the State of Maryland.

3. Defendant WHC is, and at all relevant times was, a corporation in the District of Columbia.

4. Defendant AI is, and at all relevant times was, and remains corporation licensed to operate commercial garages in the District of Columbia. Ameripark was and remains the operator of the commercial garage located at WHC located in North Tower referred to as Pavilion II.

5. Defendant Ms. Mitchell is, and at all relevant times was, a resident of the District of Columbia living at 656 Jefferson Street, N.E., Washington, D.C. 20011

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

7. The Court has personal jurisdiction over the Defendants because the Defendants operate in the District of Columbia and their negligence occurred here.

8. Venue in this action properly lies in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the District of Columbia.

## Facts Common to All Counts

9. On July 16, 2007, at approximately 10:00 a.m., Mr. Buell crossed the third level of the Pavilion II parking garage at the Washington Hospital Center (the "Garage").

10. At the point where Mr. Buell crossed the third level of the Garage, there appeared a faded yellow line painted on the floor of the Garage with the letters S T O P painted in the same faded yellow paint, surrounded by faded black paint, much of which had worn away. A color photograph of the faded and worn STOP sign on the floor of the Garage where Mr. Buell crossed is attached hereto as **Exhibit A**. The Garage did not have a stop sign or stop signal appearing anywhere else in the vicinity of the faded and worn STOP sign on the floor of the Garage.

11. At that same time as Mr. Buell crossed the third level of the Garage, Ms. Mitchell, driving a 2004 Chrysler PT Cruiser ("PT Cruiser"), approached the East Building side of Pavilion II and proceeded down the exit ramp toward the faded and worn STOP sign on the floor of the Garage.

12. Ms. Mitchell failed to stop at the faded and worn STOP sign on the floor of the Garage and caused the PT Cruiser to strike Mr. Buell, resulting in Mr. Buell's incurring life-threatening injuries (the "Incident"), and ultimately, his death.

13. The Metropolitan Police Department issued Ms. Mitchell a citation for failing to yield the right of way.

14. Ms. Gwendolyn Jones ("Ms. Jones"), a witness to the Incident, immediately called emergency services to respond to the scene of the Incident.

15. The WHC Rapid Response Team arrived and began providing medical treatment to Mr. Buell.

16. The Rapid Response Team placed Mr. Buell on a stretcher and rushed him to the WHC emergency room.

17. Mr. Buell succumbed to the injuries sustained in the Incident, passing away on July 18, 2007 at approximately 3:00 p.m. the injuries he sustained in the collision caused Mr. Buell's death two full days later, on July 18, 2007 at approximately 3:00 p.m.

18. The Washington Metro Police Department Traffic Accident Reconstruction Unit investigated the July 16, 2007 fatal accident.

## COUNT I
### (Wrongful Death Against All Defendants)

19. Mrs. Buell repeats the allegations in paragraphs 1 through 18, which are incorporated herein by reference.

20. This claim for wrongful death is brought by Mrs. Buell, individually and as the personal representative of the decedent, Mr. Buell, pursuant to D.C. Code Ann. § 16-2702. Defendant Ms. Mitchell acted willfully, knowingly, wrongfully, recklessly, and/or negligently. Specifically, Ms. Mitchell disregarded multiple traffic and driving laws of the District of Columbia, causing the PT Cruiser which she was operating to collide with Mr. Buell, thereby directly causing his death. Ms. Mitchell's willful, knowing, wrongful, reckless, and/or negligent acts and omissions included, without limitation, her failure to:

    A. Fully attend to the operation of the PT Cruiser;

    B. Maintain a proper lookout;

    C. Operate the PT Cruiser in a reasonable, careful, and prudent manner;

    D. Yield the right of way;

    E. Maintain control of the PT Cruiser;

    F. Apply the PT Cruiser's brakes in a timely manner;

    G. Avoid the collision with Mr. Buell; and

    H. Otherwise comply with applicable District of Columbia traffic laws and motor vehicle regulations in effect, including, but not limited to laws and regulations pertaining to speed and proper use of a motor vehicle.

21. Defendant WHC and Defendant AI, acting willfully, knowingly, wrongfully, recklessly, and/or negligently, disregarded the welfare of parking garage patrons and failed to prevent the PT Cruiser from colliding with Mr. Buell, thereby causing his death. Defendant WHC

and Defendant AI's willful, knowing, wrongful, reckless, and/or negligent acts and omissions included, without limitation, the failure to:

    A.    Maintain the Garage in a proper and safe manner;

    B.    Monitor the conditions of the signage in the Garage, including the faded and worn STOP sign painted on the floor of the Garage;

    C.    Maintain proper signage in the Garage;

    D.    Provide the proper safety warnings to pedestrian traffic in the Garage; and

    E.    Provide a safe and protected pedestrian walkway within the Garage.

22.    As a direct and proximate result of the Defendants' willful, knowing, wrongful, reckless, and/or negligent conduct, Mr. Buell sustained fatal injuries in the Incident.

23.    As a direct and proximate result of Defendants' willful, knowing, wrongful, and reckless, and/or negligent conduct, Mr. Buell's estate suffered economic damages, including, but not limited to medical, funeral, and burial expenses.

24.    As a direct and proximate result of Defendants' negligence, Mrs. Buell suffered the loss of Mr. Buell's income, the loss of society, as well as the companionship of her husband, Mr. Buell. Because of the negligent acts or omissions of the Defendants and the sudden, unexpected, and violent death of her husband caused by the Defendants' negligent acts relating to the Incident, Mrs. Buell also suffered severe mental anguish and sorrow.

25.    At the time of the aforementioned collision, Ms. Mitchell operated the PT Cruiser in the Garage with the consent of Defendant WHC and Defendant AI.

WHEREFORE, Mrs. Buell respectfully requests that the Court enter judgment against Defendants WHC, AI and Mitchell, jointly and severally, in the amount of $10,000,000.00, or in such additional amount to be proven at trial, plus interest, the legal fees and costs of this action, punitive damages to the fullest extent permitted by law, and such other and further relief that the Court deems proper.

## COUNT II
### (Survival Action Against All Defendants)

26. Mrs. Buell repeats the allegations in paragraphs 1 through 25, which are incorporated herein by reference.

27. Mrs. Buell brings this survival action as the personal representative and administrator of the Estate of Donovan D. Buell, Sr. pursuant to D.C. Code Ann, §12-101.

28. As a direct and proximate result of the Defendants' reckless, willful, wrongful, and negligent conduct in the Incident, Mr. Buell incurred fatal injuries.

29. In the seconds immediately prior to the collision, Mr. Buell experienced extreme emotional distress, fright, and mental anguish as he appreciated the approaching PT Cruiser and braced for the collision that would ultimately cause his death.

30. In the forty-eight hours between the collision and the time of his death, Mr. Buell experienced extreme pain, suffering, emotional distress, fright, and mental anguish. Mr. Buell also incurred medical expenses prior to his death as a direct and proximate result of the Defendants' acts.

31. At the time of the Incident, Ms. Mitchell operated the PT Cruiser in the Garage with the consent of Defendant WHC and Defendant Ameripark.

WHEREFORE, Mrs. Buell respectfully requests that the Court enter judgment against Defendants WHC, AI and Mitchell, jointly and severally, in the amount of $10,000,000.00, or in such additional amount to be proven at trial, plus interest, the legal fees and costs of this action, punitive damages to the fullest extent permitted by law and such other and further relief that the Court deems proper.

## COUNT III
### (Negligence Against All Defendants)

32. Mrs. Buell repeats the allegations in paragraphs 1 through 31, which are incorporated by reference.

33. Before and at the time of the Incident, Defendants had a duty to exercise reasonable care to Mr. Buell and to other pedestrians and drivers who were in the Garage.

34. Defendants breached their duty of reasonable care, directly.

35. As a direct and proximate result of Defendants' negligence Mrs. Buell suffered the loss of society, income, as well as the companionship of her husband, Mr. Buell. Because of the negligent acts of or omissions of the Defendants and the sudden, unexpected, and violent death of her husband caused by the Defendants' negligent acts relating to the Incident, Mrs. Buell suffered severe mental anguish and sorrow.

36. Defendants' actions were reckless or in willful disregard for the safety of Mr. Buell.

WHEREFORE, Mrs. Buell respectfully requests that the Court enter judgment against Defendants WHC, AI and Mitchell, jointly and severally, in the amount of $10,000,000.00, or in such additional amount to be proven at trial, plus interest, the legal fees and costs of this action, punitive damages to the fullest extent of the law, and such other and further relief that the Court deems proper.

### Jury Demand

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

Benjamin G. Chew (D.C. Bar # 418577)
David C. Silver
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
E-mail: bchew@pattonboggs.com

Counsel for Plaintiff
Diana M. Buell

Dated: April 18, 2008

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Diana M. Buell, individually and as the personal representative of the Estate of Donovan D. Buell, Sr., deceased
5015 Barkwood Place
Rockville, MD 20853

### DEFENDANTS
WASHINGTON HOSPITAL CENTER, et al.
Serve:
CT Corporation System
1015 15th Street, N.W.
Washington, D.C. 20005

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Benjamin G. Chew
PATTON BOGGS LLP
2550 M Street, NW
Washington, D.C. 20037

Case: 1:08-cv-00680
Assigned To : Walton, Reggie B.
Assign. Date : 4/18/2008
Description: PI/Malpractice

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⊙ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

⊙ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

✗ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1346
Wrongful Death, Survival, Negligence

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 10,000,000.00    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE April 18, 2008    SIGNATURE OF ATTORNEY OF RECORD _[signature]_ DC Bar # 418577

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# EXHIBIT A

