IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANA M. BUELL, individually and as personal representative of the Estate of Donovan D. Buell, Sr., Deceased | * * |
| Plaintiffs | * |
| v. | * Civil Action No: 1:08-cv-00680-RBW |
| WASHINGTON HOSPITAL CENTER CORPORATION, et al. | * * |
| Defendants | |

## DEFENDANT AMERIPARK, INC.'S ANSWER TO COMPLAINT

**COMES NOW**, the Defendant, **AMERIPARK, INC.,** by and through its attorneys, **Samuel N. Shapiro, Jeffrey R. Schmieler and Saunders & Schmieler, P.C.,** in Answer to the Complaint filed herein and each and every Count thereof in accordance with the Federal Rules of Civil Procedure and states:

### The Parties, Jurisdiction and Venue

1. The Defendant neither admits or denies the allegations contained in Paragraph 1 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

2. The Defendant neither admits or denies the allegations contained in Paragraph 2 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

3. The Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.  The Defendant denies the allegations contained in Paragraph 4 as framed and demands strict proof thereof.

5.  The Defendant neither admits or denies the allegations contained in Paragraph 5 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

6.  The allegations contained in Paragraph 6 are not factual averments but averments of jurisdiction which require no specific response. However, to the extent the averments are intended to be factual averments, the Defendant denies the allegations and demands strict proof thereof.

7.  The Defendant denies the allegations contained in Paragraph 7 of the Complaint and demands strict proof thereof.

8.  The Defendant admits the allegations contained in Paragraph 8 of the Complaint.

## Facts Common to All Counts

9.  The Defendant neither admits or denies the allegations contained in Paragraph 9 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

10. The Defendant denies the allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

11. The Defendant denies the allegations contained in Paragraph 11 of the Complaint and demands strict proof thereof.

12. The Defendant neither admits or denies the allegations contained in Paragraph 12 of the Complaint as it is without knowledge or information sufficient to form

a belief as to the truth of the averments contained therein.

13.   The Defendant neither admits or denies the allegations contained in Paragraph 13 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

14.   The Defendant neither admits or denies the allegations contained in Paragraph 14 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

15.   The Defendant neither admits or denies the allegations contained in Paragraph 15 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

16.   The Defendant neither admits or denies the allegations contained in Paragraph 16 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

17.   The Defendant neither admits or denies the allegations contained in Paragraph 17 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

18.   The Defendant neither admits or denies the allegations contained in Paragraph 18 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

**COUNT I**
**(Wrongful Death Against All Defendants)**

19.   In answer to Paragraph 19 of the Complaint wherein the Plaintiff incorporates the allegations contained in Paragraphs 1 - 18, the Defendant denies and alleges to the

same effect and in the same manner as the Defendant has admitted, denied and alleged to these specific paragraphs set forth in the Complaint.

20. The Defendant neither admits or denies the allegations contained in Paragraph 20 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

21. The Defendant denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

22. The Defendant denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23. The Defendant denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof.

24. The Defendant denies the allegations contained in Paragraph 24 of the Complaint and demands strict proof thereof.

25. The Defendant denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof.

## COUNT II
### (Survival Action Against All Defendants)

26. In answer to Paragraph 26 of the Complaint wherein the Plaintiff incorporates the allegations contained in Paragraphs 1 - 25, the Defendant denies and alleges to the same effect and in the same manner as the Defendant has admitted, denied and alleged to these specific paragraphs set forth in the Complaint.

27. The Defendant neither admits or denies the allegations contained in Paragraph 27 of the Complaint as it is without knowledge or information sufficient to form

a belief as to the truth of the averments contained therein.

28.     The Defendant denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof.

29.     The Defendant denies the allegations contained in Paragraph 29 of the Complaint and demands strict proof thereof.

30.     The Defendant denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

31.     The Defendant denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof thereof.

## COUNT III
### (Negligence Against All Defendants)

32.     In answer to Paragraph 32 of the Complaint wherein the Plaintiff incorporates the allegations contained in Paragraphs 1 - 31, the Defendant denies and alleges to the same effect and in the same manner as the Defendant has admitted, denied and alleged to these specific paragraphs set forth in the Complaint.

33.     The allegations contained in Paragraph 33 of the Complaint are not factual averments but are contentions of law which require no specific response. However, to the extent the averments are intended to be factual averments, the Defendant denies the allegations as framed and demands strict proof thereof.

34.     The Defendant denies the allegations contained in Paragraph 34 of the Complaint and demands strict proof thereof.

35.     The Defendant denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof thereof.

36. The Defendant denies the allegations contained in Paragraph 36 of the Complaint and demands strict proof thereof.

## **FURTHER DEFENSES**

37. The claim(s) must be dismissed for the failure to state a claim upon which relief can be granted.

38. The Defendant denies generally the claims and allegations set forth in the Complaint.

39. The Defendant raises and incorporates by reference herein the Affirmative Defenses contained in Rule 8(c) of the Superior Court Rules of Civil Procedure: (1) Assumption of Risk and (2) contributory negligence.

40. The Deceased, Donovan D. Buell, Sr., was cognizant and aware of all the facts, circumstances and conditions existing, and the consented to, permitted, acquiesced, actively encouraged and/or voluntarily assumed the risks therefrom and attended thereto.

41. The Defendant denies the alleged existence or breach of legal duty as alleged.

42. The Defendant denies the existence of any duty to the Plaintiffs or the Deceased, Donovan D. Buell, Sr.; in any event, it denies violating any duty owed to the Plaintiffs or Deceased, Donovan D. Buell, Sr., if any duty is found to have existed.

43. The Defendant owed no obligation or duty, either expressed or implied, to the Plaintiffs.

44. The Defendant could not and did not foresee the risks of damages or injuries Plaintiff alleges.

45. The Plaintiff's damages were caused by person or persons over which the

Defendant had no control.

46.     The alleged injuries and damages complained of were due to unavoidable circumstances and causes beyond the control or fault of this Defendant.

47.     Plaintiffs' injuries and damages were caused by superseding and intervening acts and/or negligence of other parties over whom the Defendant had no control and for whose actions the Defendant is not liable.

48.     The Defendant, Ameripark, Inc., did not own, operate, or control the vehicle involved in the occurrence as alleged.

49.     Any alleged breach of duty on the part of Ameripark, was not a proximate or contributory cause of any damages alleged in the Complaint.

50.     The Defendant denies that the Plaintiffs are legally entitled to maintain a cause of action against the Defendant premised upon Negligence.

51.     The claims asserted in the Complaint against the Defendant, Ameripark, Inc., on the basis of alleged joint and several liability with the other named Defendants is barred since that acts and omissions of all other Defendants were separate and distinct from those of this Defendant and neither the common law nor any federal or state statute renders the Defendant jointly and severally liable for the acts or omissions of other Defendants.

52.     The statutory Non-Economic Damages Cap pursuant to the Maryland Annotated Code, Courts & Judicial Proceedings Article, Section 11-108, is asserted as an affirmative defense to Plaintiff's claim(s).

53.     Plaintiffs have failed to plead with specificity their allegations against the Defendant as required by the applicable Rules of Court.

54. The Defendant denies the applicability of punitive damages under the facts alleged in the Complaint and deny that the Defendant is liable under said theories.

55. The Defendant denies generally the claims and allegations asserted in the Complaint and specifically denies all averments made by the Plaintiffs except those specifically admitted.

56. The Defendant reserves the right to rely upon all defenses, legal and equitable, which may be available to it based upon the facts as may become known prior to or during the trial of this action, including the failure to mitigate damages, and Defendant reserves the right to amend its Answer at any such time.

57. Defendant reserves the right to supplement its responses or defenses contained in this Answer.

58. The Defendant incorporates by reference and relies upon any defense raised by any other Defendant or Third-Party Defendant not inconsistent with this Answer.

Respectfully submitted,

/s/ Samuel N. Shapiro
**SAMUEL N. SHAPIRO** (# 471911)
**JEFFREY R. SCHMIELER** (# 035964)
**SAUNDERS & SCHMIELER, P.C.**
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910
Phone: (301) 588-7717
Fax: (301) 588-5073
E-mail: shapiros@sslawfirm.com
E-mail: schmielerj@sslawfirm.com
**Attorneys for the Defendant, Ameripark, Inc.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Answer to Complaint was e-filed and mailed this *7th* day of *May, 2008*, postage pre-paid to:

Benjamin G. Chew, Esquire
David C. Silver, Esquire
Patton Boggs LLP
2550 M Street, N.W.
Washington, DC 20037
E-mail: bchew@pattenboggs.com
***Attorneys for the Plaintiff***

Ms. Wanda D. Mitchell
656 Jefferson Street, N.E.
Washington, DC 20011
***Defendant, Pro Se***

Washington Hospital Center Corporation
c/o CT Corporation System
1015 15th Street, N.W.
Washington, DC 20005
***Defendant, Pro Se***

                                        /s/ Samuel N. Shapiro
                                        **Samuel N. Shapiro** (# 471911)