IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANA M. BUELL, individually<br>And as the personal representative<br>Of the Estate of Donovan D. Buell, Sr.,<br>Deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WASHINGTON HOSPITAL CENTER<br>CORPORATION, et al.<br><br>　　　　Defendants. | *<br>*<br>*<br>*<br>*<br>* Case: 1:08-cv-00680<br>* Judge Reggie B. Walton<br>*<br>*<br>*<br>*<br>*<br>* |

## DEFENDANT WASHINGTON HOSPITAL CENTER CORPORATION'S ANSWER TO COMPLAINT

Comes now defendant, Washington Hospital Center Corporation, by and through undersigned counsel and in response to the allegations in the Complaint states as follows:

### FIRST DEFENSE

The allegations set forth in the Complaint are barred by the applicable statute of limitations.

### SECOND DEFENSE

The injuries, if any, sustained by the Plaintiff was caused by said party's contributory negligence and/or assumption of the risk.

### THIRD DEFENSE

At all times relevant to the allegations set forth in the Complaint, the actions of this Defendant were reasonable, proper, and satisfied the applicable standard of care.

## FOURTH DEFENSE

The Complaint fails to state a cause of action for which relief can be granted.

## FIFTH DEFENSE

In response to the individually numbered paragraphs of the Complaint, this defendant responds as follows:

1. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

2. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

3. Admitted.

4. Admitted.

5. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

6. This defendant is not required to admit or deny the jurisdictional allegation.

7. This defendant is not required to admit or deny the jurisdictional allegation.

8. This defendant is not required to admit or deny the allegation of venue.

9. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

10. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

11. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

12. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

13. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

14. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

15. Admitted.

16. Admitted.

17. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

18. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

19. See response to paragraphs 1 – 18 above.

20. These allegations do not apply to this defendant.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. See response to paragraphs 1 – 25 above.

27. This defendant, at this time, is without information necessary to admit or deny this allegation. To the extent a specific response is required, it is denied and defendant demands strict proof thereof.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. See response to paragraphs 1 – 31 above.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. To the extent not previously addressed, this Defendant generally and specifically denies all allegations of liability, wrongdoing, causation and damages.

Respectfully submitted,

/s/ Daniel C. Costello
Daniel C. Costello #431217
Wharton, Levin, Ehrmantraut & Klein, PA
104 West Street, PO Box 551
Annapolis, MD 21404-0551
(410) 263-5900 / (410) 280-2230 Fax
*Counsel for Washington Hospital Center Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of May, 2008, a copy of the foregoing was mailed, via first-class mail, postage prepaid, and electronic mail to:

Benjamin G. Chew
David C. Silver
Patton Boggs, LLP
2550 M Street, NW
Washington, DC 20037

/s/ Daniel C. Costello
Daniel C. Costello

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANA M. BUELL, individually<br>And as the personal representative<br>Of the Estate of Donovan D. Buell, Sr.,<br>Deceased,<br><br>      Plaintiff,<br><br>v.<br><br>WASHINGTON HOSPITAL CENTER<br>CORPORATION, et al.<br><br>      Defendants. | *<br>*<br>*<br>*<br>*<br>* Case: 1:08-cv-00680<br>* Judge Reggie B. Walton<br>*<br>*<br>*<br>*<br>*<br>* |

## JURY DEMAND

Comes now defendant, Washington Hospital Center Corporation, by and through undersigned counsel and respectfully requests a trial by jury of all issues herein.

Respectfully submitted,

/s/ Daniel C. Costello
Daniel C. Costello #431217
Wharton, Levin, Ehrmantraut & Klein, PA
104 West Street, PO Box 551
Annapolis, MD 21404-0551
(410) 263-5900 / (410) 280-2230 Fax
*Counsel for Washington Hospital Center Corporation*

37. To the extent not previously addressed, this Defendant generally and specifically denies all allegations of liability, wrongdoing, causation and damages.

Respectfully submitted,

/s/ Daniel C. Costello
Daniel C. Costello #431217
Wharton, Levin, Ehrmantraut & Klein, PA
104 West Street, PO Box 551
Annapolis, MD 21404-0551
(410) 263-5900 / (410) 280-2230 Fax
*Counsel for Washington Hospital Center Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th of May, 2008, a copy of the foregoing was mailed, via first-class mail, postage prepaid, and electronic mail to:

Benjamin G. Chew
David C. Silver
Patton Boggs, LLP
2550 M Street, NW
Washington, DC 20037

/s/ Daniel C. Costello
Daniel C. Costello

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANA M. BUELL, individually<br>And as the personal representative<br>Of the Estate of Donovan D. Buell, Sr.,<br>Deceased,<br><br>　　　Plaintiff,<br><br>v.<br><br>WASHINGTON HOSPITAL CENTER<br>CORPORATION, et al.<br><br>　　　Defendants. | *<br>*<br>*<br>*<br>*<br>* Case:  1:08-cv-00680<br>* Judge Reggie B. Walton<br>*<br>*<br>*<br>*<br>*<br>* |

## JURY DEMAND

Comes now defendant, Washington Hospital Center Corporation, by and through undersigned counsel and respectfully requests a trial by jury of all issues herein.

> Respectfully submitted,
>
> /s/ Daniel C. Costello
> Daniel C. Costello #431217
> Wharton, Levin, Ehrmantraut & Klein, PA
> 104 West Street, PO Box 551
> Annapolis, MD 21404-0551
> (410) 263-5900 / (410) 280-2230 Fax
> *Counsel for Washington Hospital Center
> 　　　　Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of May, 2008, a copy of the foregoing was mailed, via first-class mail, postage prepaid, and electronic mail to:

Benjamin G. Chew
David C. Silver
Patton Boggs, LLP
2550 M Street, NW
Washington, DC  20037

/s/ Daniel C. Costello
Daniel C. Costello