IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANA M. BUELL, individually and as personal representative of the Estate of Donovan D. Buell, Sr., Deceased<br><br>Plaintiffs<br><br>v.<br><br>WASHINGTON HOSPITAL CENTER CORPORATION, et al.<br><br>Defendants | *<br>*<br>*<br>*<br>* Civil Action No: 1:08-cv-00680-RBW<br>*<br>* |

### DEFENDANT AMERIPARK, INC.'S ANSWER
### TO DEFENDANT MITCHELL'S CROSS-CLAIM

**COMES NOW**, the Defendant, **AMERIPARK, INC.**, by and through its attorneys, **Samuel N. Shapiro, Jeffrey R. Schmieler and Saunders & Schmieler, P.C.**, in Answer to the Cross-Claim filed by Defendant, Wanda D. Mitchell, herein and each and every Count thereof in accordance with the Federal Rules of Civil Procedure and states:

The Defendant neither admits or denies the allegations contained in Paragraphs 1 and 2 of the Cross-Claim as those paragraphs are Defendant/Cross-Claimant Mitchell's recitations of allegations contained in the Plaintiffs' Complaint.

The Defendant denies the allegations contained in Paragraphs 3 and 4 of the Cross-Claim and demands strict proof thereof.

### FURTHER DEFENSES

1. The cross-claim(s) must be dismissed for the failure to state a claim upon which relief can be granted.

2. The Defendant denies generally the claims and allegations set forth in the

Complaint.

3. The Defendant denies generally the claims and allegations set forth in the Cross-Claim.

4. The Defendant incorporates by reference as if fully set forth herein all defenses raised in its Answer to the Complaint.

5. The Cross-Claimant is not entitled to contribution.

6. The Cross-Claimant is not entitled to indemnification.

7. The Cross-Claimant was contributory negligent.

8. The actions and inactions of the Cross-Claimant were the cause in fact of the subject occurrence.

9. The Cross-Claimant was cognizant and aware of all the facts, circumstances and conditions existing, and consented to, permitted, acquiesced, actively encouraged and/or voluntarily assumed the risks therefrom and attendant thereto.

10. The claimed injuries and damages were caused by person or persons over which the Defendant had no control.

11. The alleged injuries and damages complained of were due to unavoidable circumstances and causes beyond the control or fault of this Defendant.

12. The claimed injuries and damages were caused by superseding and intervening acts and/or negligence of other parties over whom the Defendant had no control and for whose actions the Defendant is not liable.

13. Any alleged breach of duty on the part of Ameripark, was not a proximate or contributory cause of any damages alleged in the Complaint.

14. The Plaintiffs' injuries and damages were caused by person or persons in

whose care, custody and control was or should have been exercised by the Cross-Claimant.

15. The Defendant owed no obligation or duty, either expressed or implied, to the Plaintiffs or to the Cross-Claimant.

16. The Defendant could not and did not foresee the risks of damages or injuries alleged.

17. The Cross-Claimant has failed to plead with specificity the allegations against this Defendant as required by applicable Rules of Court.

18. The claims asserted in the Cross-Claim against the Defendant, Ameripark, Inc., on the basis of alleged joint and several liability with the other named Defendants is barred since that acts and omissions of all other Defendants were separate and distinct from those of this Defendant and neither the common law nor any federal or state statute renders the Defendant jointly and severally liable for the acts or omissions of other Defendants.

19. The statutory Non-Economic Damages Cap pursuant to the Maryland Annotated Code, Courts & Judicial Proceedings Article, Section 11-108, is asserted as an affirmative defense to the asserted claim(s).

20. The Defendant reserves the right to rely upon all defenses, legal and equitable, which may be available to it based upon the facts as may become known prior to or during the trial of this action, including the failure to mitigate damages, and Defendant reserves the right to amend its Answer at any such time.

21. Defendant reserves the right to supplement its responses or defenses contained in this Answer.

22. The Defendant incorporates by reference and relies upon any defense raised by any other Defendant or Third-Party Defendant not inconsistent with this Answer.

Respectfully submitted,

/S/ Samuel N. Shapiro
**SAMUEL N. SHAPIRO** (# 471911)
**JEFFREY R. SCHMIELER** (# 035964)
**SAUNDERS & SCHMIELER, P.C.**
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910
Phone: (301) 588-7717
Fax: (301) 588-5073
E-mail: shapiros@sslawfirm.com
E-mail: schmielerj@sslawfirm.com
**Attorneys for the Defendant, Ameripark, Inc.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Answer to Cross-Claim was electronically filed in this case with the United States District Court for the District of Columbia on this **27**[th] day of **May, 2008**, which will serve electronic copies of the same to:

Benjamin G. Chew, Esquire
David C. Silver, Esquire
Patton Boggs LLP
2550 M Street, N.W.
Washington, DC 20037
E-mail: bchew@pattenboggs.com
***Attorneys for the Plaintiffs***

Daniel C. Costello, Esquire
Wharton, Levin, Ehrmantraut & Klein, P.A.
104 West Street, P.O. Box 551
Annapolis, Maryland 21404-0551
E-mail: DCC@wlekn.com
***Attorneys for Defendant Washington Hospital Center***

Wade J. Gallagher, Esquire
Martell, Donnelly, Grimaldi & Gallagher
1900 L Street, N.W., Suite 401
Washington, DC 20036
E-mail: wjgallagher@mdgg.com
***Attorneys for Defendant Wanda D. Mitchell***

/S/ Samuel N. Shapiro
**Samuel N. Shapiro** (# 471911)